Agnes, A.J.
INTRODUCTION
1. This is a civil action in which the defendant Barry Equipment Co., Inc. (“Barry”) moves for summary judgment against the plaintiff Case Credit Corporation (“Case”). Case is the creditor of a party from whom the defendant purchased a piece of heavy equipment known as a “Forwarder.”[1] Case maintains that while the defendant purchased the equipment for value, it did so with knowledge of Case’s security interest and thus took the property subject to that interest. The defendant on the other hand maintains that because Case did not perfect its security interest in accordance with the Uniform Commercial Code, the security interest is ineffectual.
BACKGROUND
2. In August 1998 the plaintiff Case and Douglas Friberg[2] (“Friberg”) entered into a Retail Installment Sale Contract and Security Agreement where Case agreed to loan Friberg money to buy a Sisu Valmet 546F 1995 Forwarder (“Forwarder”).[3] See Plaintiffs Memorandum, p. 3. In or around 1999 Friberg asked the Defendant to make repairs on the forwarder.[4] See Defendant’s Memorandum, p. 2. At the time Barry agreed to make the repairs, Barry purchased the forwarder from Friberg. See Defendant Barry Equipment Co., Inc.’s Answers to Plaintiffs Interrogatories, p. 3. Barry later sold the forwarder to another party. See id.
3. Defendant Barry Equipment seeks summary judgment on the grounds that any rights Case had in the forwarder lapsed due to Case Credit’s failure to file a continuation of a UCC-1 financing statement as *89 required by the Uniform Commercial Code-Secured Transactions, codified at G.L.c. 106, §9-515(c) (“The effectiveness of a filed financing statement lapses on the expiration of the period of its effectiveness unless before the lapse a continuation statement is filed pursuant to subsection (d). Upon lapse, a financing statement ceases to be effective and any security interest or agricultural lien that was perfected by the financing statement becomes unperfected, unless the security interest is perfected otherwise. If the security interest or agricultural lien becomes unperfected upon lapse, it is deemed never to have been perfected as against a purchaser of the collateral for value.”). See Defendant’s Memorandum, pp. 1, 5. Since Case Credit’s interest lapsed, Barry argues the plaintiff lacks á security interest in the property which is an essential element to Case Credit’s case. Id.
DISCUSSION
4. Under the terms of the contract between Friberg and Case, the sale of the Forwarder by Friberg constitutes an event of default that entitles Case to immediate possession of the Forwarder. Plaintiffs Memorandum in Opposition at 10-11. There is no dispute that the defendant purchased the Forwarder from Friberg. The linchpin of the defendant’s argument is that because Case’s security interest was not perfected and was allowed to lapse, see G.L.c. 106, §9-515(c), it became wholly ineffectual. This argument overlooks and ignores other controlling portions of the Uniform Commercial Code that deal with the matter of priorities. Initially, it should be noted that the plaintiffs security agreement is valid as to “purchasers of the collateral” under G.L.c. 106, §§9-201 & 9-203. Under the terms of GL.c. 106, §9-317(b), an un-perfected creditor such as Case is subordinated to purchasers for value without knowledge of a prior, unperfected security interest. “[A] buyer, other than a secured party, . . . takes free of a security interest. . . if the buyer gives value and receives delivery of the collateral without knowledge of the security interest . . .” G.L.c. 106, §9-3 17(b) (emphasis supplied). However, The Uniform Commercial Code does not provide that a creditor such as Case is subordinated to purchasers for value who have knowledge of the un-perfected security interest. See Turbinator, Inc. v. Superior Court, 39 Cal.Rptr.2d 342, 353 (Cal.App. 4 Dist., 1995) (“[A] buyer’s actual knowledge of the prior unperfected interest prevents him from gaining priority over it”). Such a rule would be fundamentally unfair and contrary to the Code’s supplementary general principles which retain and incorporate equitable principles and the law relative to estoppel. See G.L.c. 106, §1-103. The reasoning of the California appellate court’s decision in Turbinator, Inc., supra, is persuasive, and the defendant has failed to cite any authority contrary to the holding in that case.
5. Thus, whether the defendant had knowledge of the plaintiffs unperfected security interest is a material question of fact. There is ample evidence in the record to support the plaintiffs claim that the defendant had such knowledge at the time it purchased the Forwarder. See Plaintiffs Memorandum of Law at 13. On the record before the court, whether or not Barry had prior knowledge of Case Credit’s security interest in the forwarder is a hotly contested factual question between the parties. Since there exists disputed issues of material fact, summary judgment is not appropriate in this case.
ORDER
Due to the existence of disputed issues of material fact it is hereby ORDERED that the defendant’s motion for summary judgment is DENIED.

A “Forwarder” is a vehicle used in the logging industry to move over and through forested terrain and to remove trees which have been cut.

Not a party to this action.

Case Credit maintained a security interest in the Forwarder. See Plaintiffs Memorandum, p. 4.

Barry Equipment is in the heavy equipment industry and specializes in the repair and sale of new and used heavy equipment. See Plaintiffs Memorandum, p. 3.

According to Barry Equipment, the payment for the fowarder was cash to Friberg with the balance of the purchase price in lieu of the repairs Barry made on the forwarder. See Defendant Barry Equipment Co., Inc.’s Answers to Plaintiffs Interrogatories, p. 3.